IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JOSEPH DANIEL BURNS                                                                    PETITIONER

V.                                                                   CIVIL ACTION NO.: 1:04CV318-WAP

CHRISTOPHER EPPS, ET. AL                                                           RESPONDENTS


## ORDER DENYING GRANT OF FUNDS FOR INVESTIGATIVE AND EXPERT SERVICES

Presently before the Court is Petitioner's motion requesting payment of funds for investigatory and expert services [docket entry no. 17] in order to develop and support the claims in his petition for writ of habeas corpus, filed with this Court on June 20, 2005 [docket entry no. 4]. For the reasons set forth below, the motion is **DENIED** without prejudice.

Federal courts are authorized under 18 U.S.C. § 3599(f) to provide indigent defendants funds for investigative and expert services upon a showing that those services are "reasonably necessary" to develop and present their colorable constitutional claims. *See Fuller v. Johnson*, 114 F.3d 491, 501-02 (5th Cir. 1997); *see also* LIEBMAN & R. HERTZ FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 19.3 at 858-59 (5th ed. 2006). Section 3599 (f) reads:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g).

The instant motion first seeks funds to interview family members to support Petitioner's claim that trial counsel made insufficient investigation into potential mitigating evidence and improperly presented the mitigating evidence that was uncovered. Second, Petitioner seeks funds to interview investigators and law enforcement officers regarding the "pertinent information concerning many of the Constitutional claims set forth by Petitioner in this case." Third, Petitioner seeks funds to interview three jurors who presented affidavits in Petitioner's state post-conviction proceedings.

A review of the history of this case reveals that the Mississippi Supreme Court granted in part Petitioner's motion for leave to file a petition for post-conviction relief in the Lee County Circuit Court on Petitioner's claim of ineffective assistance of counsel. *Burns v. State*, 813 So.2d 668, 681-82 (Miss. 2001). Following the trial court's denial of post-conviction relief, Petitioner appealed the decision to the Mississippi Supreme Court. *Burns v. State*, 879 So.2d 1000 (Miss. 2004). In affirming the denial of post-conviction relief, the court noted that witnesses and affidavits were presented at Petitioner's evidentiary hearing in the trial court to support his claim of ineffective assistance of counsel for failure to present adequate mitigating evidence. *Id.* at 1004. The court heard from four witnesses regarding what they would have testified to had they been called to testify, reviewed affidavits from three jurors who confirmed that no mitigating evidence was presented at trial, and noted that trial counsel had hired an investigator to help him present Petitioner's case at the original trial. *Id.* at 1004-1006. The court also noted that a record was made before the trial court that it was Petitioner's decision not to present any mitigating evidence, despite being informed by trial counsel of the consequences. *Id.* at 1005.

The Court is unpersuaded investigative and expert funds are warranted in this case. Petitioner's motion fails to identify any fact-specific need for "reasonably necessary" assistance.

It would appear that the trial court's evidentiary hearing allowed an exploration of what mitigating evidence was available to Petitioner, and the affidavits from the three jurors are part of the record in this case. Additionally, trial counsel hired an investigator who presumably has relevant information to Petitioner's case. It is unclear to the Court why it is necessary to re-investigate this case, and the Court is unmoved that current counsel cannot conduct the needed investigation without the grant of funds of the United States Treasury. The instant motion fails to shed light on specific needs for investigative and/or expert assistance and is, therefore, **DENIED**.

    **SO ORDERED** this the 18th day of January, 2007.

    /s/ W. Allen Pepper, Jr.
    W. ALLEN PEPPER, JR.
    UNITED STATES DISTRICT JUDGE